IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02774-BNB

DAVID JOSEPH HOVER,

    Applicant,

v.

JAMES FALK, Warden, D.O.C. S.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO],

    Respondents.

ORDER OF DISMISSAL

    Applicant, David Joseph Hover, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. He filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3).

    On October 24, 2012, Magistrate Judge Craig B. Shaffer entered an order granting Mr. Hover leave to proceed pursuant to § 1915. The October 24 order also pointed out deficiencies in the three claims Mr. Hover asserted in the habeas corpus application. The October 24 order noted that claim one lacked supported factual allegations, the factual allegations of claim two failed to assert a constitutional violation, and claim three was vague and confusing. The order directed Mr. Hover to file an amended habeas corpus application within thirty days that complied with the pleading requirements of Rule 8 and Rules 2(c)(1) and (c)(2) of the Rules Governing Section

2254 Cases in the United States District Courts.

On November 6, 2012, in response to the October 24 order, Mr. Hover submitted four documents. See ECF Nos. 5, 6, 7, and 8. The Court must construe Mr. Hover's filings liberally because Mr. Hover is a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. See Hall, 935 F.2d at 1110. For the reasons stated below, the application will be denied, and the instant action dismissed.

The Court first will address the operative habeas corpus document, i.e., the "Addendum to, and Amendment of A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (ECF No. 6), which is the amended application Mr. Hover was ordered to file. However, like the application he originally filed, the amended application is vague, confusing, and lacks supporting factual allegations.

In the October 24 order for an amended application, Magistrate Judge Shaffer warned Mr. Hover that the Federal Rules of Civil Procedure apply to applications for habeas corpus relief. See Fed. R. Civ. P. 81(a)(2); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 269 (1978); Ewing v. Rodgers, 826 F.2d 967, 969-70 (10th Cir. 1987). He explained that, pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." He further explained that Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." He pointed out that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules, and that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In addition, Magistrate Judge Shaffer informed Mr. Hover that, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, he must "specify all [available] grounds for relief" and "state the facts supporting each ground." Magistrate Judge Shaffer noted these habeas corpus rules were more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). He further noted that naked allegations of constitutional violations were not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Magistrate Judge Shaffer specifically directed that Mr. Hover's amended application must allege in a clear and concise manner both the § 2254 claims he seeks to raise and the specific facts to support each asserted claim. Because the amended application fails to do so, the amended application will be denied, and the action dismissed.

The Court next will address the remaining documents Mr. Hover filed on November 6. In the "Response to Court Order to File Amended Application" (ECF No. 5), Mr. Hover objects to the inclusion of the Attorney General of the State of Colorado as a Respondent on the Court-approved § 2254 habeas corpus form. The Attorney General is listed solely as counsel for the State of Colorado. *See Ansteensen v. Dunbar*, No. 08-cv-01362-[ZLW], 2008 WL 5273584, *2 (D. Colo. Dec. 18, 2008) (unpublished).

The "Addendum to Amended 2254 in re Case 2012cv02774BNB" (ECF No. 7) is Mr. Hover's statement that he mailed the amended application in a timely manner. The

"Motion for Writ of Course" (ECF No. 8) is not a motion at all, but rather pertains to a document the state Attorney General filed in Adams County District Court Case Nos. 03CR3530 and 05CR3612, and alleges that any entry of appearance by the Attorney General in the instant action would be improper. The motion will be denied.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Hover files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application pursuant to 28 U.S.C. § 2254 titled "Addendum to, and Amendment of A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (ECF No. 6), which Applicant, David Joseph Hover, filed on November 6, 2012, is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Applicant's failure to file an amended application that complies with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the order of October 24, 2012. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  8th  day of    November           , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court